EXCELSIOR ELEVATOR GUARD & HATCH COVER CO. v. FOOTE et al.

(Circuit Court, S. D. New York. April 24, 1896.)

PATENTS—INVENTION—ADAPTATION OF EXISTING DEVICES—HOISTWAY COVERS.
　　The Fraser patent, No. 278,528, for means for closing and controlling hoistway covers, consisting of a combination of a number of doors, a cord or chain; a number of catches, and a connection between the catch of one door and an adjacent door, so that the closing of the latter will release the former, and admit of its closing, *held* void, as disclosing only mechanical skill in modifying and adapting pre-existing devices; and, even if patentable, *held* not infringed.

Lawyer & Edwards, for complainant.
S. O. Edmonds, for defendants.

TOWNSEND, District Judge. The complainant herein alleges infringement of the first claim of its patent, No. 278,528, for means for closing and controlling hoistway covers, granted to Daniel Fraser May 29, 1883, which claim is as follows:

"(1) The combination, with a number of hinged doors and a cord or chain for opening and closing them, of a number of catches for engaging with the doors when opened, and serving to hold them open independently of the cord or chain, and a connection between the catch of one door and an adjacent door, so that the closing of the last-mentioned door will effect the release of the other door from its catch, and admit of its closing, substantially as specified."

The chief defenses are lack of patentable novelty and denial of infringement. The patented improvement relates to devices for automatically closing elevator doors, hinged on one side of the elevator shaft, and opened and closed by cords or chains operated with pulleys, and having catches to engage said doors when opened. The prior art, as illustrated in patent No. 84,387, granted February 24, 1868, and reissued April 29, 1873, to James D. Sinclair, showed every element of the claim in suit except the fourth, said "connection between the catch of one door and an adjacent door."

The president of the complainant company admits that, long prior to the alleged invention of Fraser, he sold an apparatus in which each catch was operated by hand by means of a separate rope. What Fraser did was to substitute for the operation of said catches by hand their automatic operation by means of a rope connection between each door and the next succeeding catch, so that, as the first door closed, said rope caused the succeeding catch to disengage from its door, and to permit it to descend. In this way a successive automatic closing was accomplished. Patent No. 261,286, granted July 18, 1882, to Samuel W. Willard, showed, in a somewhat unwieldy contrivance, the idea of so connecting such hatchway doors that the operation of opening one of the doors caused another door on another floor to be automatically opened. Other devices in this art

show doors so operated that the closing of one necessarily caused the closing of another. All of these automatic devices, however, differed in construction from the apparatus herein claimed, and they are only relevant to show that neither the idea of automatic operation of one door by means of the operation of the other door, nor of an arrangement whereby it might be ascertained that all the doors were certainly closed was new with the patentee herein; but he was the first to so adapt the later Sinclair hand device that it would operate automatically.

Did this involve invention? In constructing this apparatus, the patentee found in this art elevator doors so connected that the operation of one caused the operation of the other. In the general field of practical arts, he found the application of similar connections to such a variety of constructions that it may be said to be common to the whole field of practical arts. The court will take judicial notice that the gates at the entrance to parks or ranches in the West are opened by a wheel striking a lever or rod connected with such gates. The individual who presses the button of a kodak or puts a nickel in the slot thus sets in motion the operation which takes a picture or plays a tune. The burglar raising a window thus starts the ordinary burglar alarm. Finally, in the conventional hotel lavatories the opening of the door or pressure upon the seat automatically sets in motion certain opening and closing operations hitherto performed by hand in a manner strikingly analogous to the device herein claimed.

In Aron v. Railway Co., 49 O. G. 1365, 26 Fed. 314, where the patent in suit covered a connection for operating two gates simultaneously, which had hitherto been operated separately, Judge Wallace, considering a similar question, and referring to the devices of the prior art, says:

"The patentee is entitled to the merit of being the first to conceive of the convenience and utility of a gate opening and closing mechanism which could be operated efficiently by an attendant in the new situation. His right to a patent, however, must rest upon the novelty of the means he contrives to carry his idea into practical application. It rarely happens that old instrumentalities are so perfectly adapted for a use for which they were not originally intended as not to require any alteration or modification. If these changes involve only the exercise of ordinary mechanical skill, they do not sanction the patent; and, in most of the adjudged cases, where it has been held that the application of old devices to a new use was not patentable, there were changes of form, proportion, or organization of this character which were necessary to accommodate them to the new occasion. The present case falls within this category."

The court of appeals for this circuit, in Mayor, etc., of City of New York v. American Cable Ry. Co., 17 C. C. A. 467, 70 Fed. 853, takes a similar view in regard to such a connection of two hitherto disconnected pulleys on the cable railway that they could be simultaneously operated. I conclude, therefore, that the claimed modification of existing devices required merely the skill of the mechanic and did not involve the exercise of the inventive faculty. In any event, the attachment to a door, and positive connection between it and a succeeding latch, described, illustrated, and claimed in said patent, is not infringed by defendants' modification of the spring and catch of the earlier Sinclair patent, which operates by means of a

wire connecting the arm of a spring-pressed lever with the next succeeding catch, but which is not attached to the door.

Let the bill be dismissed.